## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC** | |
| **Plaintiff,** | |
| **v.** | **Civil No. 1:23-cv-00445-JRR** |
| **JOHN DOE subscriber assigned IP Address 73.133.149.89** | |
| **Defendant.** | |

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on Defendant's Motion to Quash Subpoena, Vacate Discovery Order, Dismiss Case, or In the Alternative, Allow Defendant to Proceed Anonymously. (ECF No. 9; "the Motion.")  The parties' submissions have been reviewed and no hearing is necessary.  Local Rule 105.6 (D. Md. 2021).

The court addresses Defendant's myriad discrete requests for relief as follows:

### *Motion to Dismiss*

Pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  "In 2007, the Supreme Court of the United States set forth a new standard to be applied in assessing whether, under Rule 8(a)(2), a claim was articulated sufficiently to permit a court to conclude that, if its allegations were proved, relief could be granted.  In so doing, the Supreme Court retired the standard of sufficiency under Rule 8(a)(2) that was set in *Conley v. Gibson*, 355 U.S. 41, [] (1957)."  *Macronix Int'l Co., Ltd. V. Spansion, Inc.,* 4 F. Supp. 3d. 797, 799 (E.D. Va. 2014).  The *Conley* Court explained the requirements for a legally sufficient complaint as follows:

> The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' [citing Rule 8(a)(2)] that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this.

*Conley v. Gibson*, 355 U.S. at 48.

"In *Twombly*,[1] the Court changed significantly how the legal sufficiency of a claim is to be measured when it is attacked under Rule 12(b)(6). As one eminent scholar of federal civil procedure has said of *Twombly*: 'Notice pleading is dead. Say hello to plausibility pleading.'" *Macronix,* 4 F. Supp. 3d at 799-800 (quoting A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C. L. Rev. 431, 431-32 (2008)). The "liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2) has been decidedly tightened (if not discarded) in favor of a stricter standard requiring the pleading of facts painting a 'plausible' picture of liability." *Id.; see also Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 262 (4th Cir. 2009) (Jones, J., concurring in part, dissenting in part, and remarking that "*Twombly* and *Iqbal*[2] announce a new, stricter pleading standard.")

A motion asserted under Rule 12(b)(6) "tests the legal sufficiency of a complaint." It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178

---

[1] *Bell Atl. Corp., v. Twombly,* 550 U.S. 544 (2007)
[2]*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

F.3d at 244 (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). The court, however, is ". . . not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Id.* (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085 (4th Cir. 1979)).

Defendant requests that the court dismiss this copyright action on the basis that Plaintiff did not register the subject copyrights with the U.S. Copyright Office until after Defendant is alleged to have infringed same.  Defendant misapprehends the purpose and effect of copyright registration.  Registration with the U.S. Copyright Office is not the genesis of copyright ownership, or the bundle of rights attendant thereto, but rather bears upon remedies available upon infringement (*e.g.*, statutory damages and attorneys' fees).  *See, e.g.,* 17 U.S.C. §§ 504(c), 505, 412.

Plaintiff's factual allegations set forth in the body of the Complaint, coupled with Exhibit A to the Complaint, ably set forth ample information as to Plaintiff's alleged copyright interests on which it rests its claim, including dates of publication and registration, as well as U.S. Copyright Office registration numbers.  Contrary to Defendant's argument, certificates of registration need not be attached to a pleading to state a *prima facie* case of copyright infringement and the Federal Rules do not impose such a heightened pleading burden for copyright infringement claimants. Further, Plaintiff is correct that multiple owners may have an ownership interest in a single copyright, and such an interest may come by way of original authorship, transfer or some other form of conveyance.  While these features of Plaintiff's alleged interests may be evidence subject to discovery, none of them bears upon whether Plaintiff adequately states a cause of action.

*Motion to Quash Subpoena/Vacate Discovery Order*

Rule 45(d)(3) provides as follows:

> **(3)** *Quashing or Modifying a Subpoena.*
> **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> **(i)** fails to allow a reasonable time to comply;
> **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
> **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> **(iv)** subjects a person to undue burden.
> **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
> **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
> **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
> **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
> **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
> **(ii)** ensures that the subpoenaed person will be reasonably compensated.

FED. R. CIV. P. 45(d)(3).  Importantly, the moving party bears the heavy burden to persuade the court that a subpoena should be quashed.  *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180 (4th Cir. 2019).

Defendant suggests that the affidavit of David Williamson attached in support of Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 6; the "Discovery Motion") is "invalid" because it is dated October 2, 2022, while the Complaint alleges that Defendant engaged in copyright infringement as recently as January 2023.  Further, because the affidavits of Patrick Paige and Susan Stalzer (respectively dated February 5 and 2, 2023), make internal reference to, and are at least in part "based" on, Mr. Williamson's affidavit

4

(ECF Nos. 6-3 ¶ 27, 6-4 ¶ 9), Defendant urges that these affidavits are likewise invalid.  Defendant also argues that the "intentionally left blank" marker on portions of Mr. Williamson's affidavit demonstrates that Plaintiff is involved in some sort of suspicious improper litigation conduct. Finally, Defendant argues the affidavits are invalid because they include "inadmissible hearsay" and the affiants lack personal knowledge of the "alleged facts in the Complaint or Discovery Motion."  (ECF No. 9 p. 4.)

Defendant conflates Plaintiff's pleading at ECF No. 1 with its request for early discovery at ECF No. 6.  The affidavits attached to the Discovery Motion are not offered in support of Plaintiff's Complaint, or as evidence to assist Plaintiff in meeting its burden to prove its case.  The affidavits are offered to aid the court in determining whether discovery in advance of a Rule 26(f) conference is appropriate in view of the nature of the case and challenges of seeking redress for legal harms where the alleged offending party is unidentified and operating via the internet.  The court exercised its discretion to permit the requested pre-conference discovery based on thorough consideration of alternative means of discovery and the myriad considerations set forth in the motions papers.  Defendant has not carried its burden.

*Motion to Proceed Anonymously*

Under Fed. R. Civ. P.10(a), a complaint must include a title naming all of the parties. However, in certain exceptional circumstances, the district court may allow a party to proceed pseudonymously.  *Co. Doe v. Pub. Citize*n, 749 F.3d 246, 273-74 (4th Cir. 2014).  Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party."  *Id*. at 274.  The United States Court of Appeals for the Fourth Circuit

provides five non-exclusive factors to determine whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).  "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

Taking the first factor, Defendant's request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature," and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238.  The court finds that Defendant satisfies this factor.  By proceeding pseudonymously, Defendant would also shield immediate family members, including a spouse, who ought not bear the burden of exposure of the highly sensitive, private matters that may come to light in this action pertaining to Defendant.

The second factor considers whether Defendant proceeding publicly "poses a risk of retaliatory physical or mental harm." *James*, 6 F.3d at 238.  The fact "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough" to warrant anonymity.  *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981).  Defendant persuades the court that great embarrassment and ridicule may result should he or she be required to proceed without the shield of a pseudonym, but does not argue that physical harm will result, and the court is not convinced that the degree of potential embarrassment here is tantamount to mental harm of the sort

contemplated by *James*.   Accordingly, the second *James* factor weighs against permitting Defendant to proceed with a pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238.  No party is a minor; and no third party addressed in the Motion is a minor.  Accordingly, the third *James* factor weighs against permitting Defendant to proceed with a pseudonym.

The fourth *James* factor considers whether the action is against a governmental or private party whose reputation may be harmed unfairly.  The court finds this factor favors Defendant's request.  Accusations involving internet-based pornography of the sort that appears to be at issue here could gravely affect Defendant's (and a spouse's) reputation – even were Defendant to prevail in the merits of the underlying copyright action.  The fourth factor weighs in favor of granting Defendant a pseudonym.

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238.  Plaintiff does not oppose Defendant's request to proceed anonymously. Further, Plaintiff will learn Defendant's identity.  The pseudonym is not to protect Defendant from Plaintiff, but rather to protect Defendant (and Defendant's family members) from public scorn, ridicule and ostracization – which the court finds likely to result even if Plaintiff's claim results in a judgment for Defendant.  The fifth factor weighs in favor of granting a pseudonym.

Weighing all of the factors together, Defendant has made a strong showing for proceeding anonymously in this case.  Therefore, extraordinary circumstances exist to warrant the use of a pseudonym by Defendant.

*Conclusion*

By separate order, the court grants in part and denies in part Defendant's Motion to Quash Subpoena, Vacate Discovery Order, Dismiss Case, or In the Alternative, Allow Defendant to Proceed Anonymously as follows: the court grants Defendant the right to proceed anonymously; all other requested relief is denied.


_____/S/_____
Julie R. Rubin
United States District Judge

May 4, 2023